UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JANICE D. DOZIER, JOEL DOZIER, CHARLOTTE
DOZIER,

                Plaintiffs,

        -against-

IRVING DOZIER, MARY V. DOZIER-CROMER,
ELAINE FERGERSON-DOZIER, JUDY DOZIER,
CHAUNCEY DOZIER, EBONY BROOKS,
CLAUDIA KNOWELS, LEE REID, ROCHELLE
REID.

                Defendants.
-------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
24-CV-00147 (OEM) (RML)

**ORELIA E. MERCHANT, United States District Judge:**

*Pro se* Plaintiff Janice D. Dozier ("Plaintiff") commenced this action on her own behalf and purportedly on behalf of Joel Dozier and Charlotte Dozier.[1] Plaintiff asserts that the Court has federal question and diversity of citizenship jurisdiction and request to proceed *in forma pauperis* ("IFP").

Plaintiff's request to proceed is granted. However, for the reasons discussed below the complaint is dismissed for lack of subject matter jurisdiction.

## BACKGROUND[2]

The complaint is far from clear. As best as can be determined Plaintiff alleges that Harold Dozier died in 2004, that she was the administrator of his estate, and that his "fake family stole []

---

[1] As Janice Dozier is the only plaintiff who signed the complaint and completed an *in forma pauperis* ("IFP") application, the action can only proceed as to her. As a *pro se* plaintiff, Janice Dozier cannot bring claims on behalf of Joel and Charlotte Dozier or represent them in this action. *See Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for oneself, a person may not appear on another person's behalf in the other's cause.").

[2] The following facts are drawn from Plaintiff's pleading, the allegations of which are assumed to be true for purposes of this Memorandum and Order.

1

millions of dollars." Complaint, ECF 1, at 7.  For relief, Plaintiff asserts that she wants the "thieves to return what's mine." *Id*. at 8.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

In addition to requiring sufficient factual matter to state a plausible claim for relief, pursuant to Rule 8 of the Federal Rules of Civil Procedure, the plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them.  *Iqbal,* 556 U.S. 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").  A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice.  *Id.* (internal citations and alterations omitted).  To satisfy this standard, the complaint must, at a minimum, "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (internal quotation marks omitted).

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

## DISCUSSION

If the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (holding that a district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it.") (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). Plaintiff's allegations fail to assert a basis for the exercise of the Court's federal question jurisdiction, which provides federal courts with jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010) (quoting 28 U.S.C. § 1331).

A case properly invokes federal question jurisdiction when federal law creates the plaintiff's cause of action or when "the well-pleaded complaint necessarily depends on resolution of a substantial question of federal law." *Bracey v. Bd of Educ. of City of Bridgeport,* 368 F.3d 108, 113 (2d Cir. 2004) (internal quotation marks and citation omitted); *Moore v. Brooklyn Hosp. Ctr.,* No. 22-CV-04208, 2022 WL 16798230, at *2 (E.D.N.Y. Nov. 8, 2022). A federal court lacks jurisdiction over a federal claim that "clearly appears to be immaterial and made solely for the

purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (internal quotation marks omitted).

Construing Plaintiff's allegations to "raise the strongest arguments they suggest," *McLoed v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)), the complaint does not suggest any basis for the exercise of subject matter jurisdiction. Plaintiff's claim does not arise under the Constitution or any federal laws. *See* 28 U.S.C. § 1331. Because the Court does not have federal-question jurisdiction, it can only adjudicate this claim if it has diversity jurisdiction.

Under the diversity statute, federal courts have subject matter jurisdiction over claims when the plaintiff and defendant are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N. Y. Branch v. Aladdin Capital Mgmt. LLC,* 692 F.3d 42, 48 (2d Cir. 2012). The party asserting diversity jurisdiction bears the burden of proving it exists by a preponderance of the evidence. *Aurecchione v. Schoolman Transp. Sys., Inc.,* 426 F.3d 635, 638 (2d Cir. 2005); *Finnegan v. Long Island Power Auth*., No. 17-CV-4424, 2019 WL 4467559, at *3 (E.D.N.Y. Sept. 18, 2019). Here, the Plaintiff resides in Brooklyn, New York, and most of the defendants are alleged to reside in Brooklyn and Queens, thus diversity of citizenship is lacking. *See* Complaint.

Further, even if the parties were diverse, the probate exception divests this Court of subject matter jurisdiction to provide Plaintiff with the relief she seeks. The probate exception reserves to state probate courts the probate of a will and the administration of a decedent's estate and precludes federal courts from disposing of property that is in the custody of a state probate court. *Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006); *see Lefkowitz v. Bank of N.Y.*, 528 F.3d 102, 105 (2d Cir. 2007) (probate exception removes probate matters from the scope of federal diversity jurisdiction). Determining whether a case falls within the probate exception involves a two-part

4

inquiry into (1) whether the action requires the probate or annulment of a will or the administration of a decedent's estate; and (2) whether the action requires the court to dispose of property that is in the custody of a state probate court.  *Gargano v. Murphy*, No. 22-CV-242, 2022 WL 227234, at *4 (E.D.N.Y. Jan. 26, 2022).  Inasmuch as Plaintiff seeks the return of assets allegedly stolen from the estate of Harold Dozier, her claim is precluded by the probate exception.

## CONCLUSION

Accordingly, the complaint, filed *in forma pauperis*, is dismissed without prejudice for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).

The Clerk of Court is respectfully directed to enter judgment and close this case.  The Clerk of Court is also directed to mail a copy of this Memorandum and Order to the *pro se* plaintiff and to note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal.  *Coppedge v. United States*, 369 U.S.438, 444-45 (1962).

**SO ORDERED.**

                                               ___/s/___
                                               **ORELIA E. MERCHANT**
                                               **United States District Judge**

Dated: Brooklyn, New York
       March 6, 2024